# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

HEATHER KRISTIN STRACK MCCUTCHEON,

    Plaintiff,

v.

FAEGRE DRINKER BIDDLE & REATH LLP,

    Defendant.

## COMPLAINT AND JURY DEMAND

### NATURE OF THE ACTION

This employment action against Faegre Drinker Biddle & Reath LLP ("Defendant" or "Faegre") seeks to enforce rights and remedies guaranteed by state and federal anti-discrimination laws and to provide relief to Plaintiff Heather Kristin Strack McCutcheon ("Plaintiff"), who has been adversely affected by Defendant's discriminatory employment practices, failure to provide reasonable accommodations, and retaliatory actions, as detailed below.

### PARTIES

1. Plaintiff Heather Kristin Strack McCutcheon is, and at all relevant times has been, a resident of Denver, Colorado. Plaintiff was employed by Defendant as an

1

associate attorney from May 2019 until her wrongful termination on September 15, 2023.

2. Defendant Faegre Drinker Biddle & Reath LLP is a Delaware Limited Liability Partnership with its principal place of business at One Logan Square, Suite 2000, Philadelphia, PA 19103, and maintains an office at 1144 15th Street, Suite 3400, Denver, CO 80202. Defendant is a law firm that employs more than 1,200 employees firm-wide and regularly conducts business in Colorado and within this District.

## JURISDICTION AND VENUE

3. Plaintiff incorporates by reference the above paragraphs herein as though set forth in full.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as this action arises under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*. Supplemental jurisdiction exists with regard to Plaintiff's state law claim under the Colorado Anti-Discrimination Act.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant maintains an office and regularly conducts business in this District, and because the unlawful employment practices alleged herein were committed within this District.

6. Plaintiff has fulfilled all conditions precedent to the institution of this action. Plaintiff filed charges of discrimination with the Colorado Civil Rights Division ("CCRD") and the Equal Employment Opportunity Commission ("EEOC"). On August 27, 2024, the EEOC issued Plaintiff a Right to Sue notice. This action is filed within ninety (90) days of receipt of the Right to Sue notice.

## **FACTUAL ALLEGATIONS**

I. **Background**

7. Plaintiff began working for Defendant on or around May 2019 as an associate attorney. During Plaintiff's employment, Plaintiff performed her duties competently and met all legitimate expectations.

8. Plaintiff was diagnosed with congenital hip dysplasia and bilateral femoral anteversion, along with torn labrums, femoroacetabular impingement, and cam deformities (collectively referred to herein as "hip dysplasia"), in the summer of 2021. Plaintiff required surgical correction to save her hips. Plaintiff's hip dysplasia, and the subsequent surgeries and surgical complications, have substantially limited one or more major life activities including walking, standing, sitting, performing manual tasks, lifting, bending, and musculoskeletal function. Plaintiff experienced a physical disability (mobility impairment/hip dysplasia) which substantially impacted one or more major life activities.

9. Plaintiff had surgeries on her right hip in March 2022 and returned to work in early May 2022. The surgeries were uncomplicated, and Plaintiff returned to work as planned without significant inquiry from Faegre.

II. **Denial of Reasonable Accommodation for Return to Work**

10. Plaintiff's left hip surgeries started on July 25, 2022. Faegre approved medical leave for 10 weeks through October 3, 2022. During that time, Plaintiff was expected to be unable to perform "prolonged sitting, standing, walking, lifting, carrying objects, pushing or pulling items until cleared by operating physician." Plaintiff then

requested and Faegre approved, through Val Tkaczyk, Benefits Leave Administrator, an additional month of medical leave.

11. On November 14, 2022, Plaintiff requested to return to work with reasonable accommodations during a conversation with Ms. Tkaczyk. Plaintiff said that she was mentally ready to go back to work. Plaintiff indicated that she could not sit longer than 3 hours in a day, but Plaintiff proposed a variety of reasonable accommodations including physical accommodations (working from a reclined position and use of a standing desk that was already in her office), office location changes (working from home full or part-time), and a brief change in job tasks (continuing to prioritize reading and writing billable work such as research, writing, motions practice, evidence, client phone calls, phone or virtual conferences with opposing counsel/witnesses/the court, and case management work while other team members could focus on activities that required more prolonged sitting, like court proceedings, mediations and depositions). Ms. Tkaczyk expressed concern that Plaintiff could not sit through "critical client events." Ms. Tkaczyk said Plaintiff should stay out of work and that Faegre would discuss accommodations only if Unum (the disability insurance carrier) did not approve additional disability coverage for time away from work.

12. On or around January 25, 2023, Plaintiff had her annual performance review with her supervisors. Plaintiff was still out on approved medical leave, as directed by Ms. Tkaczyk. During the performance review, Plaintiff relayed her conversations with Ms. Tkaczyk, as well as frustration with Faegre's refusal to engage in conversation around accommodations for Plaintiff's sitting limitations. Her supervisors acknowledged that Plaintiff wished to return to work, and Plaintiff was assured to "trust

the process" and Ms. Tkaczyk/Faegre's decision. Plaintiff's supervisors stressed that Faegre had her best interests in mind. In this review, by acknowledging that Faegre was refusing to consider Plaintiff's requests for reasonable accommodations to facilitate her return to work, Faegre continued to discriminate against Plaintiff on the basis of her physical disability.

13. On February 10, 2023, Plaintiff again spoke with Ms. Tkaczyk. Plaintiff began the conversation by indicating–yet again–that she wanted to return to work. Ms. Tkaczyk said that she knew that Faegre's position "regarding your accommodations" (in other words, the refusal to even consider making accommodations) "was disappointing," but she hoped it was less disappointing because Faegre had provided disability insurance coverage. Ms. Tkaczyk said she believed it would be "challenging" for Plaintiff to return to work and she believed Plaintiff needed more time to rest her body, even if Plaintiff wanted to come back. Ms. Tkaczyk said that Faegre would not offer any accommodations unless Plaintiff was able to sit longer, measured by Plaintiff's physical ability to sit for some undefined period greater than three hours of "critical client events." Plaintiff asked Ms. Tkaczyk for how long she would need to be able to sit in order to return to work, and Ms. Tkaczyk refused to provide this information. Ms. Tkaczyk was very clear that, at that time, the firm would not provide any reasonable accommodations (except continued forced medical leave) for Plaintiff's physical disability. As a result, Plaintiff remained on medical leave.

14. On September 7, 2023, at Faegre's request, Plaintiff provided an updated Disability Certificate which indicated that Plaintiff would be disabled from September 7, 2023 to October 31, 2023 and able to return to work part-time 4-6 hours a day

beginning November 1, 2023. This certificate was predicated on Defendant's assertion that Plaintiff must be able to sit more than 3 hours a day or she was unable to return to work. The updated Disability Certificate states that Plaintiff's surgeon expected that she could return to work full-time without limits on November 15, 2023.

### III.     Wrongful/Retaliatory Termination

15.     On September 15, 2023, however, Faegre terminated Plaintiff with no prior notice during a conference call with Ms. Tkaczyk, Kimberly Gillaspy (Human Resources Manager), and Sonnie Lamb (Director of Benefits), subsequently confirming termination in writing. Faegre terminated Plaintiff because "[she] continue[s] to be unable to work. Given these circumstances, we are unable to continue to accommodate a further extension of your leave, and we will be ending your employment effective September 15, 2023. As I mentioned when we spoke, when you are able to return to work, with or without a reasonable accommodation, the firm is happy to consider you for rehire."

16.     As a result of Faegre's unlawful conduct, Plaintiff suffered economic losses, emotional distress, and other damages. As a result of Faegre's unlawful conduct, Plaintiff lost a job for which there is no comparison in the Denver market, and Plaintiff lost job experience that is difficult to replicate in the Denver market. Faegre's unlawful conduct affects Plaintiff's income earning abilities for the future.

### FIRST CLAIM FOR RELIEF

**(Disability Discrimination and Retaliation in Violation of
Colorado Anti-Discrimination Act, Colo. Rev. Stat. § 24-34-402 *et seq.*)**

17.     Plaintiff incorporates by reference the above paragraphs herein as though set forth in full.

18. Plaintiff is a person with a disability as defined by Colorado Anti-Discrimination Act ("CADA"), C.R.S. § 24-34-301(2.5), as she has physical impairments that substantially limit one or more major life activities.

19. Defendant is an employer within the meaning of CADA, C.R.S. § 24-34-401(3).

20. Defendant discriminated against Plaintiff on the basis of her disability in violation of CADA, C.R.S. § 24-34-402(1)(a), by:

  a. Failing to engage in a good faith interactive process regarding reasonable accommodations;

  b. Refusing to provide reasonable accommodations for her disability;

  c. Conducting a performance review while she was on protected medical leave;

  d. Creating and maintaining a hostile work environment; and

  e. Terminating her employment because of her disability.

21. Defendant retaliated against Plaintiff for engaging in protected activity under CADA, C.R.S. § 24-34-402(1)(e), including requesting accommodations and opposing discriminatory practices.

22. As a direct result of Defendant's discriminatory and retaliatory conduct, Plaintiff has suffered damages, including but not limited to: lost wages and benefits; front pay; emotional distress; loss of professional reputation; other compensatory damages; and attorney's fees and costs.

## SECOND CLAIM FOR RELIEF

### (Disability Discrimination and Retaliation in Violation of Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*)

23. Plaintiff incorporates by reference the above paragraphs herein as though set forth in full.

24. Plaintiff is a qualified individual with a disability as defined by the Americans with Disabilities Act ("ADA", 42 U.S.C. § 12111(8).

25. Defendant is an employer as defined by the ADA, 42 U.S.C. § 12111(5).

26. Defendant discriminated against Plaintiff on the basis of her disability in violation of the ADA, 42 U.S.C. § 12112, by:

   a. Failing to engage in a good faith interactive process regarding reasonable accommodations;

   b. Refusing to provide reasonable accommodations for her disability;

   c. Conducting a performance review while she was on protected medical leave;

   d. Creating and maintaining a hostile work environment; and

   e. Terminating her employment because of her disability.

27. Defendant retaliated against Plaintiff for engaging in protected activity under the ADA, 42 U.S.C. § 12203, including requesting accommodations and opposing discriminatory practices.

28. As a direct result of Defendant's discriminatory and retaliatory conduct, Plaintiff has suffered damages as set forth above.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor against Defendant and order the following relief as allowed by law:

a) Compensatory damages, including but not limited to back pay, lost benefits, and damages for emotional distress, mental anguish, loss of enjoyment of life, and damage to professional reputation;

b) Front pay and benefits;

c) Punitive damages for Defendant's willful and reckless indifference to Plaintiff's federally protected rights;

d) Pre-judgment and post-judgment interest as provided by law;

e) Reasonable attorneys' fees and costs incurred in this action as permitted under the ADA;

f) Declaratory relief stating that Defendant's practices violated Plaintiff's rights under the ADA; and

g) Such other and further relief as this Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiff requests a trial by jury on all issues so triable.

Dated: November 25, 2024

Respectfully submitted,

PRIMERA LAW GROUP, LLC

/s/ *Deborah E. Yim*
Deborah E. Yim, Esq.
1241 S. Parker Road, Suite 201
Denver, CO 80231
(720) 239-2567
dyim@primeralaw.com

Attorneys for Plaintiff
Heather Kristin Strack McCutcheon